(Hamilton County, Ohio, Probate Court. February, 1897.)

## IN RE ESTATE OF FRANCIS JOHNSTON, DECEASED.

*Extra Compensation to executors—When, and for what it will be allowed—Contests over wills—Counsel fees—*

(Abstract prepared by Judge Ferris of an extended opinion announced by him.)

On a hearing of exceptions filed to the account of the executor and executrix of the estate of Francis Johnston, deceased, the court held that the executors were entitled to no extra compensation in the administration of the estate, where an unusual amount of time was expended and counsel empoyed in the matter of differences growing out of a misunderstanding between the executors, as such. The court held that the estate was one, a unit; that the management must be considered in the same way, and that therefore the heirs were entitled to an harmonious administration; that if services were made necessary by disagreement between the executors, such services must be paid by the executors themselves individually, and were not a proper charge against the trust estate; that extra compensation is to be charged only where services have been rendered of an unusual and extrordinary character, not connected ordinarily with the management of estates, that the provisions of Sec. 6188 were intended to cover all of the ordinary expenses incident to the closing up of the estate; that the litigation that was made necessary in this matter was not for the benefit of the estate in the main, and therefore no charge whatever would be allowed to the executors for services rendered by them in this behalf.

"Where litigation was necessary in the interest of the estate, and the personal attention of the executors was required, extra compensation could be charged by the executors, and the court would allow a proper amount for such services on the principle of quantum meruit.

"As to counsel fees, the court held that in the case at bar it was no part of the business of the executors to take part in the litigation growing out of the contest of the will. This was the business of the heirs. The very position of the executors was at stake, and with them it was a matter of no legal concern whether the will was sustained or whether it was set aside. It was the business of those interested in the will to see that it was sustained, and of those who were opposed to it to see that it should be set aside, and therefore the executors were not proper parties in the action, and could not charge the trust estate with counsel fees.

"There is in law no provision for extra services to counsel, nor is there found anywhere in the Administration Act the term, 'attorney fees,' and the rule that is laid down in Sec. 6357 would seem to be covered by the term 'expenses,' as used in Sec. 6188. Whatever services were necessary in the settlement of the estate, requiring the assistance of counsel, would be a proper expense to be allowed by the court. While the case of Moore v. Thomas, 52 Ohio St., determines that this is a personal liability of the executor, yet on a showing that the sum paid was proper in amount, that the service was necessary for the estate and was beneficial to the estate, the court would relieve the executor from personal responsibility, and charge the same against the trust estate."